IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TRAVIS GRIMES, #15545**                                               **PETITIONER**

**versus**                                          **CIVIL ACTION NO. 5:08cv322-DCB-MTP**

**ROBERT ADAMS**                                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Respondent's Motion to Dismiss [6] Pursuant to § 2244(d). Having considered the motion, along with documents made part of the record of this case and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [6] be granted, and that the Petition of Travis Grimes for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.

PROCEDURAL HISTORY

Petitioner Travis Grimes, was convicted, following a jury trial, of burglary of a dwelling[1] on March 25, 2003, in the Circuit Court of Adams County, Mississippi. By Order filed April 17, 2003, Grimes was sentenced to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections. Following his conviction, Grimes filed a motion for a new trial which was denied on June 23, 2003. Grimes then filed an appeal in which the Mississippi Court of Appeals, on January 25, 2005, affirmed his conviction and sentence. *See* Petition; Exhs. A & B to Motion to Dismiss. Thereafter, Grimes filed a *pro se* petition for writ

---

[1]Grimes was also originally indicted for armed robbery, but was found not guilty. *See* Petition; Exh. A to Motion to Dismiss.

of certiorari with the Mississippi Supreme Court which the court denied on May 16, 2005.[2]
Lastly, Grimes signed a *pro se* "Motion for Leave to Proceed with a Post-Conviction Collateral Relief" on October 26, 2005, which was stamped "filed" on October 28, 2005. *See* Petition; Exh. D to Motion to Dismiss. On January 11, 2006, the Mississippi Supreme Court entered an Order denying said motion.

Grimes subsequently filed the instant habeas petition [1] on or about December 12, 2008. Respondent contends that Grimes' petition was not timely filed and that it should be dismissed.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added).

As stated above, Grimes was found guilty of the crime of burglary of a dwelling on March 15, 2003 and was sentenced by Order filed April 17, 2003. *See* Exh. A to Motion to Dismiss. Thereafter, Grimes initiated the direct appeal process by filing a motion for new trial, followed by a notice of appeal and a writ of certiorari, effectively tolling the one-year statute of limitation. *See* Petition; Exhs. B & C to Motion to Dismiss. The direct appeal process was

---

[2]The Order, however, was not entered until May 26, 2005. *See* Exh. C to Motion to Dismiss.

completed on May 26, 2005, when the Mississippi Supreme Court entered its Order denying certiorari. Accordingly, Grimes' conviction became final, following the ninety day period allotted to seek further review with the United States Supreme Court, on August 24, 2005. *See England v. Quarterman*, 242 Fed.Appx. 155, 157 (5th Cir. 2007); (*citing Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197-99 (5th Cir. 1998)). Therefore, Grimes had until August 24, 2006, to file his Petition for Writ of Habeas Corpus. Grimes did not file his federal petition until December 12, 2008, over two years after the federal statute of limitations had expired. Furthermore, Grimes, through counsel, concedes that the instant petition was filed beyond the one-year statute of limitation imposed by the AEDPA. *See* Response [8] to Motion to Dismiss. Based on the foregoing, Grimes' federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on August 24, 2006, and Grimes' filing of his federal petition for habeas corpus on or about December 12, 2008, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As set forth above, on October 26, 2005, Grimes filed a "Motion for Leave to Proceed with a Post Conviction Collateral Relief," which was stamped "filed" by the Mississippi Supreme Court Clerk's Office on October 28, 2005. *See* Exh. D to Motion to Dismiss. Grimes' petition was denied by the Mississippi Supreme Court on January 11, 2006. *See* Exh. E to Motion to Dismiss [6]. Under the AEDPA, the one-year statute of limitations was tolled from

October 26, 2005 until January 11, 2006, while Grimes' petition was pending. Therefore Grimes had an additional period of seventy-seven (77) days, or until November 9, 2006, in which to file his Petition for Writ of Habeas Corpus. The record indicates that no other motions for post-conviction relief were filed. Thus, having failed to file his habeas petition by November 9, 2006, Grimes' instant petition is barred as untimely.

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances, which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling, "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (*citing Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its face to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (*quoting Davis*, 158 F.3d at 811). Further, ignorance of the law and being *pro se* do not constitute such rare and exceptional circumstances. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999).

Grimes has not asserted, much less proven, the existence of rare and exceptional circumstances which warrant equitable tolling. Accordingly, the court is of the opinion that Grimes has failed to meet his burden of establishing "rare and exceptional" circumstances

4

sufficient to justify the application of equitable tolling to his time-barred petition. Indeed, Grimes concedes, through counsel, that he has not raised a claim that equitable tolling should apply. *See* Response [8] to Motion to Dismiss.

The only argument Grimes makes in opposition to the Motion to Dismiss is that AEDPA's one-year statute of limitations for filing a habeas corpus petition violates the Suspension Clause of the United States Constitution.[3] Grimes argues that "concerns for finality of convictions cannot serve to override concerns for the fundamental fairness of criminal proceedings." *See* Response to Motion to Dismiss [8]. However, as the Respondent correctly points out, this argument has been explicitly rejected by the Fifth Circuit, as well as numerous other courts. In *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000), the court held that "[t]he 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it "renders the habeas remedy 'inadequate or ineffective to test the legality of detention." *See also Rojas v. Cockrell*, 44 Fed.Appx. 652, at * 1 (5th Cir. June 7, 2002) ("AEDPA's statute of limitations only alters the procedure for bringing a habeas petition and does not unconstitutionally suspend the writ.") (*citing Molo, supra*; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)).[4] Petitioner has neither alleged nor made such a showing.

## CONCLUSION

Grimes' state court conviction became final on August 24, 2006. Based upon the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A), and the application of statutory

---

[3] "The privilege of the writ of habeas corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2.

[4] The *Rojas* court further noted that "[e]very other federal court of appeals to address the question has reached the same conclusion." *Rojas*, 44 Fed. Appx. 652, at * 1 (collecting cases).

tolling, Grimes had until November 9, 2006, at the latest, to file his federal habeas petition. Because equitable tolling does not apply, and because Grimes did not file his petition until December 12, 2008, over two years late, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondent's Motion to Dismiss [6] be GRANTED and that Grimes' Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 11th day of May, 2009.

s/ Michael T. Parker
United States Magistrate Judge