IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


TRAVIS GRIMES, #15545                                    PETITIONER

VS.                              CIVIL ACTION NO. 5:08-cv-322-DCB-MTP

ROBERT ADAMS                                            RESPONDENT


ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

        This cause is before the Court on Magistrate Judge Michael T.

Parker's Report and Recommendation of May 11, 2009 **(docket entry**

**no. 9)**, wherein he recommends that defendant Robert Adams' Motion

to Dismiss **(docket entry no. 6)** be granted and that Travis Grimes'

petition **(docket entry no. 1),** brought pursuant to 28 U.S.C. §

2254, be dismissed with prejudice as untimely.  On May 19, 2009,

the petitioner filed his objection **(docket entry no. 10)** to the

Report and Recommendation.  Having reviewed the Report and

Recommendation, the petitioner's objection thereto, and applicable

statutory and case law, the Court finds and orders as follows:

        According to the Petition for Writ of Habeas Corpus,

Petitioner Travis Grimes ("Grimes") was convicted of burglary of a

dwelling in the Circuit Court of Adams County, Mississippi, on

March 25, 2003.  Following his conviction, Grimes appealed to the

Mississippi Court of Appeals, where his conviction and sentence

were affirmed on January 25, 2005.  Thereafter, Grimes filed a pro

se petition for writ of certiorari in the Mississippi Supreme

Court.  The petition was denied on May 16, 2005.  Next, Grimes filed a pro se "Motion for Leave to Proceed with a Post-Conviction Collateral Relief", which the Mississippi Supreme Court denied on January 11, 2006.  Finally, on December 12, 2008, the petitioner, through counsel, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On May 11, 2009, Magistrate Judge Parker issued a Report and Recommendation concluding (1) that Grimes' petition was untimely as it was filed after the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA) and (2) that the petition was not saved by either statutory or equitable tolling.  Additionally, Magistrate Judge Parker rejected Grimes' argument that the AEDPA's one-year statute of limitations violates the Suspension Clause of the United States Constitution.

In his objection to the Report and Recommendation, Grimes concedes that his claim was filed beyond the AEDPA's one-year limitation.  Furthermore, the petitioner does not argue that he is entitled to statutory or equitable tolling of the limitations period.  Indeed, Grimes' only objection to the Report and Recommendation is that the Magistrate Judge erred in rejecting his argument that the one-year limitations period violates the Suspension Clause of the United States Constitution.

As correctly noted by the Magistrate Judge, the Fifth Circuit Court of Appeals has held that the AEDPA's one-year limitations

provision "'does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention.'" <u>Ford v. Johnson</u>, 263 F.3d 162 (5th Cir. 2001) (unpublished) (quoting <u>Molo v. Johnson</u>, 207 F.3d 773 (5th Cir. 2000)). Grimes has neither alleged nor provided any evidence suggesting that either of these concerns are at issue.

In sum, the Court has conducted a <u>de</u> <u>novo</u> review of the petitioner's objection and agrees with the Magistrate Judge's determination that his § 2254 petition is untimely. Accordingly, the action shall be dismissed.

<u>CONCLUSION</u>

Based upon the foregoing,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry no. 9)** is adopted in its entirety as the findings of the Court.

IT IS FURTHER ORDERED that the petitioner's objection **(docket entry no. 10)** to the Magistrate Judge's Report and Recommendation is OVERRULED.

IT IS FURTHER ORDERED that the defendants' Motion to Dismiss **(docket entry no. 6)** is GRANTED.

IT IS FURTHER ORDERED that Travis Grimes' petition **(docket entry no. 1),** brought pursuant to 28 U.S.C. § 2254, is DISMISSED WITH PREJUDICE.

A separate final judgment will be entered herein in accordance

with this Order and as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 22nd day of July 2009.

s/ David Bramlette
UNITED STATES DISTRICT JUDGE
